[Cite as *State v. Sammons*, 2011-Ohio-4395.]

STATE OF OHIO            )            IN THE COURT OF APPEALS
                         )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                        C.A. No.        25580

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
DEMARDRE T. SAMMONS                  COURT OF COMMON PLEAS
                                     COUNTY OF SUMMIT, OHIO
    Appellant                        CASE No.     CR 10 01 0020 (B)

DECISION AND JOURNAL ENTRY

Dated: August 31, 2011

---

MOORE, Judge.

**{¶1}** Appellant, Demardre T. Sammons, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

**{¶2}** On the evening of January 4, 2010, at approximately 7:00 p.m., Amanda Bransteter was walking home on Sumner Street in the University area of Akron, Ohio. She testified that as she reached the intersection of Sumner and Thornton Streets, two individuals ran up from behind and ordered her to give them her purse. They were dressed in black and wearing ski masks. One of the individuals pointed a gun at her, while the other went through her purse and pockets. She recalled a "clicking sound" sound when the gun was pointed at her. After finding nothing of value in her purse and pockets, the two assailants returned her purse, told her to "have a nice day," and ran away. Amanda immediately went home and called a friend, who in turn summoned the police.

{¶3}  Officer Todd Sinsley of the Akron Police Department testified that he was working a one-man cruiser on the evening of January 4, 2010.  He was the first officer to respond to the robbery dispatch.  He was told that a robbery had just occurred within the last five minutes at Sumner and Thornton Streets.  Dispatch advised him that the only description they had was that there were two males, wearing dark clothing and ski masks.  As he was patrolling the area, he observed "two individuals wearing all dark clothing [and] ski masks."  As he approached them in his cruiser, both individuals started running.  He followed them in his cruiser.  As he turned on Allyn Street, he saw a man, later identified as the appellant, Demardre Sammons, still running.  Officer Sinsley pulled his vehicle in front of Sammons, drew his weapon and apprehended him.  Sammons was no longer wearing a ski mask.  As the officer was patting down Sammons, he saw the codefendant, Gregory Williams, emerge from the same location that Sammons had been.  The officer ordered Williams to the ground, but he took off running again.

{¶4}  Officer Sinsley proceeded to make sure Sammons did not possess any weapons and then placed him in the back of his cruiser.  He advised dispatch that Williams had run away.  While in the backseat of the cruiser, Sammons began "squirming" and "bouncing around in [the] back seat."  When Officer Sinsley went to investigate, he found that Sammons was trying to kick a ski mask under the front passenger seat.  The ski mask, with a white Nike logo, was later identified by Amanda as one of the masks worn by her assailants during the robbery.

{¶5}  Officer Sinsley testified that given the amount of fresh snow on the ground that evening, it was not difficult to track Williams.  This was confirmed by Officer Patrick Neumann.  He, along with his partner, traced the footprints of Williams and found him hiding under a porch at 419 Rentschler Street.  A second ski mask was found in Williams' pocket.  In retracing Williams' footsteps left in the snow, Officer Neumann located a gun underneath a tire ramp.  It

was later identified as a loaded Bursa .380 caliber semi-automatic pistol. Officer Sinsley, who was standing about six feet from Officer Neumann when he located the gun, discovered that the gun had been cocked, with a cartridge in the camber, ready to fire. This was consistent with Amanda's statement that she heard a "clicking sound" when the gun was pointed at her.

{¶6} On January 15, 2010, Sammons and codefendant Williams were indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, along with an accompanying firearm specification, one count of tampering with evidence in violation of R.C. 2921.12, a felony of the third degree, and one count of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. On August 2, 2010, the case was tried to a jury. The jury found Sammons guilty on all counts. On August 11, 2010, the trial court sentenced him to eight years of incarceration.

{¶7} Sammons timely filed a notice of appeal.

II.

{¶8} Sammons' counsel did not raise an assignment of error. In accordance with *Anders v. California* (1967), 386 U.S. 738, Sammons' counsel has asserted that he is unable to find any issue upon which to argue error below. He also has moved to withdraw as counsel for Sammons.

{¶9} Sammons failed to respond to his counsel's *Anders* brief. He has not otherwise offered any arguments to support a reversal of his conviction and/or sentence in this case. Upon our own full, independent examination of the record before this Court, we find that there are no appealable, non-frivolous issues in this case. See *State v. Lowe* (Apr. 8, 1998), 9th Dist. No. 97CA006758, at *2.

III.

**{¶10}** Having reviewed the entire record, and concluding that the trial court's proceedings were proper, this Court grants the motion to withdraw and affirms Sammons' conviction and sentence.

**{¶11}** The judgment of the Summit County Court of Common Pleas is affirmed. Sammons' counsel's motion to withdraw as counsel is hereby granted.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.