[Cite as *State v. Ross*, 2013-Ohio-786.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

STATE OF OHIO

    Appellee

    v.

JOHN V. ROSS II

    Appellant

C.A. No.     26399

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 08 07 2276

DECISION AND JOURNAL ENTRY

Dated: March 6, 2013

MOORE, Presiding Judge.

{¶1}    Defendant-Appellant, John Ross, II, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    A jury found Mr. Ross guilty of felony murder, reckless homicide, felonious assault, and child endangerment with regard to the death of his eleven-week old son. The trial court sentenced Mr. Ross to thirty-one years to life in prison, and Mr. Ross appealed. This Court vacated Mr. Ross' sentence and remanded the matter for resentencing by way of journal entry due to a post-release control notification error. *See State v. Ross*, 9th Dist. No. 24684 (Oct. 23, 2009). On remand, the trial court correctly imposed post-release control and again sentenced Mr. Ross to thirty-one years to life in prison. Mr. Ross then appealed.

{¶3}    On direct appeal, Mr. Ross' sole assignment of error was that the trial court committed plain error by sentencing him to allied offenses of similar import. Because the trial

court had not had the opportunity to apply *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, in the first instance, we remanded the matter for the Court to consider and apply *Johnson*. *See State v. Ross*, 9th Dist. No. 25178, 2011-Ohio-3197, ¶ 12-13.  On remand, the trial court determined that all of Mr. Ross' offenses were allied offenses of similar import under *Johnson*. Accordingly, the court sentenced Mr. Ross to fifteen years to life in prison on his felony murder count[1] and merged the remaining counts.

{¶4}    Mr. Ross appealed from the trial court's resentencing.  In lieu of a merit brief, Mr. Ross' appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he asserted that there were no meritorious issues to raise on Mr. Ross' behalf and that an appeal would be frivolous.  Counsel moved the Court to accept the *Anders* Brief in lieu of a merit brief and to permit him to withdraw from the case.

## II.

{¶5}    Mr. Ross' counsel did not raise an assignment of error in his *Anders* Brief. Instead, he asserted that the record does not contain any basis for reversal and that he could not "find a meritorious claim to raise in appellant's appeal."  He also has moved to withdraw as counsel for Mr. Ross.

{¶6}    Mr. Ross did not respond to his counsel's *Anders* Brief.  Moreover, "[h]e has not otherwise offered any arguments to support a reversal of his conviction and/or sentence in this case." *State v. Sammons*, 9th Dist. No. 25580, 2011-Ohio-4395, ¶ 9.  Although Mr. Ross filed a

---

[1] We note that the court's March 16, 2012 sentencing entry contains a typographical error. Specifically, it provides that Mr. Ross is to be committed "for punishment of the crime of MURDER, Ohio Revised Code Section 2903.11(A)(1), a special felony."  R.C. 2903.11(A)(1) is the code section for felonious assault, the predicate offense for Mr. Ross' felony murder conviction.  The proper code section for felony murder is R.C. 2903.02(B).

pro se motion for an extension of time to file a brief and this Court granted his motion, Mr. Ross never filed a brief. He also never requested another filing extension.

{¶7} Initially, we note that appellate review in this case is extremely limited. Mr. Ross already had his direct appeal, and this Court's remand was strictly limited to resentencing on the allied offense issue. Therefore, the doctrine of res judicata would prohibit any challenges to Mr. Ross' underlying convictions in this appeal. *See, e.g., State v. Brown*, 9th Dist. No. 26427, 2012-Ohio-5484, ¶ 11 ("The doctrine of res judicata procedurally bars convicted defendants from relitigating matters which were, or could have been, properly litigated on direct appeal."). Upon our own full, independent examination of the record before this Court, we find that there are no appealable, non-frivolous issues in this case. *See State v. Lowe*, 9th Dist. No. 97CA006758, 1998 WL 161274, *2 (Apr. 8, 1998). Although Mr. Ross' new sentencing entry contains a clerical error that remains subject to future correction, the error does not affect the underlying judgment against him. *See State v. Martin*, 9th Dist. No. 10CA0007, 2010-Ohio-5394, ¶ 12. *See also* Crim.R. 36. This Court agrees with Mr. Ross' counsel that no meritorious issues exist.

III.

{¶8} Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Mr. Ross' appeal is meritless and wholly frivolous under *Anders v. California*. Therefore, the motion to withdraw filed by Mr. Ross' counsel is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.