THE STATE OF OHIO, APPELLANT, *v*. WILLIAMS, APPELLEE.

[Cite as *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147.]

*Criminal law — Allied offenses of similar import — Attempted murder and felonious assault.*

(No. 2008-2037 — Submitted September 16, 2009 — Decided January 27, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 89726, 2008-Ohio-5286.

_____

SYLLABUS OF THE COURT

1.  Felonious assault as defined in R.C. 2903.11(A)(1) is an allied offense of attempted murder as defined in R.C. 2903.02(B) and 2923.02.

2.  Felonious assault as defined in R.C. 2903.11(A)(2) is an allied offense of attempted murder as defined in R.C. 2903.02(A) and 2923.02.

3.  The state retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after appeal. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph one of the syllabus, followed.

_____

O'DONNELL, J.

{¶ 1}  The state of Ohio appeals a decision of the Eighth District Court of Appeals that merged Kevin Williams's convictions and sentences on two counts of felonious assault and two counts of attempted murder into a single count of attempted murder. The charges arise from an incident in which Williams fired two shots at LayShawn McKinney, striking him once in the back and paralyzing him. The state contends that Williams may be separately convicted and sentenced for both counts of felonious assault and one count of attempted murder.

**{¶ 2}** The issue presented on this appeal is whether felonious assault and attempted murder are allied offenses of similar import. We hold that (1) felonious assault as defined in R.C. 2903.11(A)(1) and attempted murder as defined in R.C. 2903.02(B) and 2923.02 are allied offenses of similar import, and (2) felonious assault as defined in R.C. 2903.11(A)(2) and attempted murder as defined in R.C. 2903.02(A) and 2923.02 are allied offenses of similar import. Accordingly, we reverse the judgment of the Eighth District Court of Appeals holding that Williams could be convicted of only one count of attempted murder in this case and, in accordance with our decision in *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, remand this cause to the trial court for further proceedings consistent with this opinion.

### Facts and Procedural History

**{¶ 3}** On July 8, 2006, Kevin Williams and his friend Duce drove up to a dice game on Gainsboro Avenue in East Cleveland. Williams joined in the game, but began to argue with Bralynn Randall about who owed the other money. As they continued to argue, McKinney and his girlfriend pulled into the driveway of her grandmother's house, noticed the dice game, and overheard the argument. Randall told McKinney that the argument was nothing, and McKinney then decided to join the game.

**{¶ 4}** Shortly after McKinney arrived, the argument between Williams and Randall escalated. Williams pulled a gun and fired two shots. As McKinney ran, a bullet struck him from behind, fractured his fifth thoracic vertebra, and instantly paralyzed him.

**{¶ 5}** While recuperating at his home in September 2006, McKinney viewed a photo array compiled by the East Cleveland Police Department and identified Kevin Williams as the shooter. As a result, a Cuyahoga County grand jury indicted Williams on two counts of felonious assault, two counts of

attempted murder with firearm specifications, and one count of having a weapon while under disability.

{¶ 6} Following trial, a jury returned guilty verdicts on all counts. The court imposed concurrent sentences of six years for each felonious assault, consecutive to a three-year term for the gun specifications. It also imposed concurrent sentences of seven years for each attempted murder, consecutive to a four-year term on the weapon conviction, for an aggregate sentence of 20 years.

{¶ 7} On appeal to the Eighth District Court of Appeals, Williams contended that his convictions on two counts of felonious assault and two counts of attempted murder arose from the same conduct and therefore constituted allied offenses of similar import so that he could be convicted of and sentenced for only one count of attempted murder.

{¶ 8} The appellate court ruled that felonious assault as charged in count two of the indictment, knowingly causing or attempting to cause physical harm by means of a deadly weapon, should have merged with the attempted-murder charge in count four of the indictment, attempted murder as a proximate result of committing or attempting to commit an offense of violence. *State v. Williams*, Cuyahoga App. No. 89726, 2008-Ohio-5149, ¶ 37.

{¶ 9} The state moved for reconsideration, asserting that because felonious assault as defined in R.C. 2903.11(A)(2) contains a deadly-weapon element not present in attempted murder, the greater offense of attempted murder could be committed without committing the offense of felonious assault. The state urged that felonious assault was not an allied offense of attempted murder as defined in R.C. 2903.02(B) and the attempt section, R.C. 2923.02.

{¶ 10} The appellate court concluded that the specific intent to kill, inferred from Williams's use of a weapon, subsumed his intent to cause serious physical harm to McKinney. *State v. Williams*, Cuyahoga App. No. 89726, 2008-Ohio-5286 at ¶ 33. Therefore, it ruled that "the separate counts of felonious

assault as conceptually grouped by the state are offenses of similar import to the separate charges of attempted murder." Id. The court then determined that Williams committed the attempted murders and felonious assaults with a single "purpose, intent and motive," id. at ¶ 38, and it ruled that the two felonious-assault counts merged into the two attempted-murder counts. Id. After comparing the elements of murder as defined by R.C. 2903.02(A) and (B) and concluding that the elements are so aligned that one could not have committed one form of murder without committing the other, id. at ¶ 40, and having determined that the offenses were committed with a single animus and a single intent to kill, the court concluded that the two counts of attempted murder merged into a single count. Therefore, the court held that Williams could be convicted of only a single count of attempted murder in violation of R.C. 2903.02(B) and 2923.02. Id. at ¶ 40-41.

{¶ 11} The state appealed, and this court agreed to consider whether the two counts of felonious assault are allied offenses of the two counts of attempted murder. The state submitted the following proposition of law for our review: "R.C. §2923.02/2903.02, *Attempted Murder*, is not an allied offense of similar import with R.C. §2903.11(A)(1), *Felonious Assault*. Further, R.C. §2923.02/2903.02, *Attempted Murder*, is not an allied offense of similar import with the offense of R.C. §2903.11(A)(2), *Felonious Assault*. Therefore, a defendant may be found guilty and sentenced separately for these Felonious Assaults in addition to Attempted Murder."

{¶ 12} Our analysis of allied offenses originates in the prohibition against cumulative punishments embodied in the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution. *United States v. Halper* (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 23

4

L.Ed.2d 656. However, both this court and the Supreme Court of the United States have recognized that the Double Jeopardy Clause does not entirely prevent sentencing courts from imposing multiple punishments for the same offense, but rather " 'prevent[s] the sentencing court from prescribing greater punishment than the legislature intended.' " *State v. Rance* (1999), 85 Ohio St.3d 632, 635, 710 N.E.2d 699, quoting *Missouri v. Hunter* (1983), 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535, and citing *State v. Moss* (1982), 69 Ohio St.2d 515, 518, 23 O.O.3d 447, 433 N.E.2d 181. Thus, in determining whether offenses are allied offenses of similar import, a sentencing court determines whether the legislature intended to permit the imposition of multiple punishments for conduct that constitutes multiple criminal offenses.

{¶ 13} Ohio's multiple-count statute, R.C. 2941.25, provides:

{¶ 14} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 15} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 16} A two-step analysis is required to determine whether two crimes are allied offenses of similar import. See, e.g., *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816; *Rance*, 85 Ohio St.3d at 636, 710 N.E.2d 699. Recently, in *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, we stated: "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case,

but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." Id. at paragraph one of the syllabus. If the offenses are allied, the court proceeds to the second step and considers whether the offenses were committed separately or with a separate animus. Id. at ¶ 31.

{¶ 17} The state contends that the appellate court considered the specific facts of the case rather than analyzing the elements of the offenses in the abstract. A proper application of *Cabrales*, it argues, would reveal that neither statutory definition of felonious assault is an allied offense of attempted murder. Further, the state argues that even if these offenses are allied offenses, they remain separately punishable because Williams did not commit them with a single act or animus.

{¶ 18} Williams contends not only that the two felonious assault counts merge but also that the two attempted-murder counts merge. He maintains that he can be convicted of only one count of attempted murder in violation of R.C. 2903.02, because, he asserts, when felonious assault is the felony of violence underlying a charge of attempted murder pursuant to R.C. 2903.02(B), the elements of the felonious assault are necessarily part of the attempted murder. Therefore, he argues that the attempted murder cannot be committed without committing the underlying felonious assault.

{¶ 19} Alternatively, Williams urges us to reconsider our allied-offense analysis, suggesting that if the statutory elements of multiple offenses *can* be satisfied by the same conduct, we should hold that those offenses are allied offenses of similar import. Such an analysis would create an irrebuttable presumption that the legislature intended an offender to receive a single

6

punishment when a prohibited act constitutes more than one offense.  We do not presume that intent, and we reject this position.

{¶ 20} Our analysis of this case requires us to apply *Cabrales*.  In our application of that test to this case, we recognize that the indictment charged Williams with two counts of attempted murder and two counts of felonious assault arising out of two separate gunshots he fired at McKinney.  Counts two and three correlate to the bullet that did not strike McKinney and charge Williams with knowingly attempting to cause physical harm to McKinney and engaging in conduct that, if successful, would result in purposely causing the death of another.  Counts one and four correlate to the bullet that paralyzed McKinney and charge Williams with causing physical harm to another by means of a deadly weapon and engaging in conduct that, if successful, would result in causing the death of another as a proximate result of committing or attempting to commit felonious assault.

{¶ 21} Thus, for each bullet Williams fired at McKinney, he was found guilty of one count of felonious assault and one count of attempted murder.  Accordingly, we consider whether the attempted-murder and felonious-assault charges relating to each gunshot are allied offenses of similar import.

### Allied Offenses

{¶ 22} *Cabrales* requires a comparison of the elements of the offense in the abstract, without considering the evidence in the case, but does not require an exact alignment of those elements.

{¶ 23} In order to commit the offense of attempted murder as defined in R.C. 2903.02(B), one must purposely or knowingly engage in conduct that, if successful, would result in the death of another as a proximate result of committing or attempting to commit an offense of violence.  Since felonious assault is an offense of violence, R.C. 2901.01(A)(9), the commission of attempted murder, as statutorily defined, necessarily results from the commission

of an offense of violence, here, felonious assault. Accordingly, felonious assault as defined in R.C. 2903.11(A)(1) is an allied offense of attempted murder as defined by R.C. 2903.02(B) and 2923.02.

{¶ 24} The next step in the *Cabrales* analysis requires a determination of whether the offenses were committed separately or with a separate animus. Williams knowingly engaged in conduct that, if successful, would have resulted in the death of another as a proximate result of committing felonious assault. He did so by knowingly firing a gun at McKinney and paralyzing him with one bullet. Thus, he committed the offenses of attempted murder and felonious assault with a single act and animus. Accordingly, while he may be found guilty of both offenses, he may be sentenced for only one. See *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 17.

{¶ 25} In order to commit the offense of attempted murder as defined in R.C. 2903.02(A), one must engage in conduct that, if successful, would result in purposely causing the death of another; to commit felonious assault as defined in R.C. 2903.11(A)(2), one must cause or attempt to cause physical harm to another by means of a deadly weapon.

{¶ 26} Considering these elements in the abstract, although they do not align exactly, when Williams attempted to cause harm by means of a deadly weapon, he also engaged in conduct which, if successful, would have resulted in the death of the victim. Here, felonious assault as defined by R.C. 2903.11(A)(2) is an allied offense of attempted murder as defined in R.C. 2903.02(A) and 2923.02.

{¶ 27} Next we must determine whether Williams committed these offenses separately or with a separate animus. Williams knowingly engaged in conduct that, if successful, would have purposely caused the death of another by knowingly firing a bullet that missed McKinney; thus, these offenses were both committed with the same animus. Therefore, while Williams may be found guilty

8

of both offenses, he may be sentenced for only one. See *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 17.

**Conclusion**

**{¶ 28}** Based upon the foregoing, felonious assault as defined in R.C. 2903.11(A)(1) is an allied offense of attempted murder as defined in R.C. 2903.02(B) and 2923.02; and felonious assault as defined in R.C. 2903.11(A)(2) is an allied offense of attempted murder as defined in R.C. 2903.02(A) and 2923.02. Pursuant to our holding in *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at paragraph one of the syllabus, "[t]he state retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after appeal." Accordingly, we reverse the judgment of the Eighth District Court of Appeals finding that Williams could be convicted of only one count of attempted murder in this case and, in accordance with our decision in *Whitfield*, remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

MOYER, C.J., and LUNDBERG STRATTON and O'CONNOR, JJ., concur.

CUPP, J., concurs in judgment only.

LANZINGER, J., concurs in part and dissents in part.

PFEIFER, J., dissents.

_____

**LANZINGER, J., concurring in part and dissenting in part.**

**{¶ 29}** This convoluted case is an example of how difficult our jurisprudence on allied offenses has become. Simply stated, the jury heard evidence that Williams fired two shots in succession and that one bullet struck and paralyzed the victim, LayShawn McKinney. Williams was found guilty of all offenses for which he was indicted: two counts of felonious assault, two counts of

attempted murder with firearm specifications, and one count of having a weapon while under disability. Williams was sentenced to a total prison term of 20 years.

{¶ 30} As is explained in the majority opinion, this court agreed to consider whether the two counts of felonious assault are allied offenses of the two counts of attempted murder. In other words, are the offenses of attempting to purposely cause the death of another pursuant to R.C. 2923.02 and 2903.02(A) and of attempted felony murder pursuant to R.C. 2923.02 and 2903.02(B) allied offenses of similar import with the two forms of felonious assault pursuant to R.C. 2903.11(A)(1) (causing serious physical harm) and (2) (attempting or causing physical harm by means of a deadly weapon)?

{¶ 31} The General Assembly has expressed its intent to permit multiple punishments for the same conduct under certain circumstances. R.C. 2941.25 provides:

{¶ 32} "(A) *Where the same conduct by defendant can be construed to constitute* two or more **allied** offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 33} "(B) *Where the defendant's conduct* constitutes two or more offenses of dissimilar import, *or where his conduct* results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." (Emphasis added.)

{¶ 34} In spite of the foregoing language emphasizing the importance of the defendant's conduct, our current cases analyzing allied offenses instruct us to jump immediately to the abstract comparison of offenses charged without first considering the defendant's actual conduct as established by the evidence. See *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181; *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149; *State v. Winn*, 121

Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154; and *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882.

{¶ 35} This "abstract comparison" of offenses identifies offenses as allied offenses of similar import "if * * * the offenses are so similar that the commission of one offense will necessarily result in commission of the other." *Cabrales* at paragraph one of the syllabus. Whether the commission of one offense necessarily resulted in commission of the other is best resolved when the actual evidence adduced at trial is allowed to be considered. I realize that in *Cabrales* this court "clarified" the test set forth in *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, but I would go further to frankly reverse *Rance*. For omitting consideration of the evidence at trial is contrary to the statute, which states that the defendant's conduct must be considered in comparing the offenses: Did the commission of the one offense *in this case* necessarily result in the commission of the other? If so, the offenses are allied and of similar import.

{¶ 36} A defendant can be convicted and sentenced on more than one offense if the evidence shows that the defendant's conduct satisfies the elements of two or more disparate offenses. But if the conduct satisfies elements of offenses of similar import, then a defendant can be convicted and sentenced on only one, unless they were committed with separate intent.

{¶ 37} Thus, in this case, by shooting a weapon at McKinney twice in succession, Williams knowingly caused him serious physical harm, and this conduct satisfied both felonious assault sections, R.C. 2903.11(A)(1) (causing serious physical harm to another) and (A)(2) (causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance). When the attempt section, R.C. 2923.02, is added to the murder and felony-murder statutes, R.C. 2903.02(A) ("purposely cause the death of another") and 2903.02(B) ("cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence"), it is apparent that

Williams's conduct (shooting twice at McKinney) also necessarily satisfies the elements of attempted murder and attempted felony murder. In other words, pursuant to R.C. 2941.25(A), Williams may be convicted of only one of the four offenses for which he was indicted, unless the state proved that he committed them separately or with separate animus. R.C. 2941.25(B).

**{¶ 38}** I would affirm the court of appeals' holdings that Williams committed the attempted murders and felonious assaults with a single "purpose, intent and motive," 2008-Ohio-5286, ¶ 38, and that the two counts of attempted murder and two counts of felonious assault should be merged into a single count for sentencing. Furthermore I agree that this case should be remanded to the trial court for the state to elect which of the four allied offenses Williams will be sentenced on, but I would limit the election to a single crime.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and Robert M. Ingersoll, Assistant Public Defender, for appellee.

_____