[Cite as *State v. Ross*, 2011-Ohio-3197.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    25178 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN V. ROSS, II | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 08 07 2276 |

## DECISION AND JOURNAL ENTRY

Dated: June 29, 2011

CARR, Judge.

{¶1} Appellant, John Ross II, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands for application of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

I.

{¶2} This matter arises from the death of infant John Ross, III, on July 7, 2008. John Ross II (hereinafter referred to as "Ross") was charged and convicted of causing the death of his eleven-week old son.

{¶3} On July 17, 2008, the Summit County Grand Jury indicted Ross on one count of aggravated murder in violation of R.C. 2903.01(C), a special felony; one count murder in violation of R.C. 2903.02(B), a special felony; one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of endangering children in violation of R.C. 2919.22(B)(1), a felony of the second degree; one count of endangering children in

violation of 2919.22(A), a felony of the third degree; and five counts of endangering children in violation of R.C. 2919.22(A), a misdemeanor of the first degree. The aggravated murder charge contained a death penalty specification pursuant to R.C. 2929.04(A)(9).

{¶4} The matter proceeded to trial in February 2009. The trial court determined reckless homicide to be a lesser included offense of aggravated murder and so instructed the jury. The jury subsequently found Ross guilty of the lesser included offense of reckless homicide and not guilty of the death penalty specification. The jury also found Ross guilty of murder, felonious assault, and endangering children. The remaining counts in the indictment were dismissed upon the motion of the State.

{¶5} Ross was sentenced to a five-year term of imprisonment for reckless homicide; an eight-year term of imprisonment for felonious assault; an eight-year term of imprisonment for endangering children; and a term of imprisonment of fifteen years to life for murder. The trial court ordered the prison terms for murder, felonious assault, and endangering children to be served consecutively to each other for a total of 31 years to life. The trial court ordered the prison term for reckless homicide to be served concurrently with the other counts. Ross was also notified that upon his release from prison, he would be subject to a five-year term of post-release control. Ross filed a notice of appeal on March 30, 2009.

{¶6} On October 23, 2009, this Court issued a journal entry vacating the trial court's sentencing entry on the basis that Ross had been improperly notified of post-release control. While Ross had been notified that he would be subject to a five-year term of post-release, he was, in fact, subject to a mandatory three-year term of post-release control. The matter was remanded back to the trial court for re-sentencing.

{¶7} The trial court held a re-sentencing hearing on November 24, 2009, and issued a new sentencing entry on December 9, 2009. Ross was sentenced to an identical prison term and properly put on notice of post-release control. Ross filed a notice of appeal on January 7, 2010.

{¶8} On appeal, Ross raises one assignment of error.

## II.

## **ASSIGNMENT OF ERROR**

"THE TRIAL COURT COMMITTED PLAIN ERROR AND ERRED AS A MATTER OF LAW IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES FOR MURDER, FELONIOUS ASSAULT, AND ENDANGERING CHILDREN, WHEN THESE CRIMES WERE ALL ALLIED OFFENSES OF SIMILAR IMPORT."

{¶9} In his sole assignment of error, Ross argues that the trial court committed plain error by failing to merge several of his offenses as allied offenses of similar import. Specifically, he argues that the offenses had to be merged because they were not committed with a separate animus.

{¶10} Ross raises a plain error challenge to his sentence. We note that the Supreme Court of Ohio has held that a trial court commits plain error when it imposes multiple sentences for allied offenses of similar import. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at ¶31.

{¶11} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Supreme Court of Ohio reevaluated its allied offense jurisprudence and overruled its prior decision in *State v. Rance* (1999), 85 Ohio St.3d 632. The issue in *Johnson* arose from a direct conflict between the First and Fifth Districts with respect to whether the crimes of felony murder and child endangering must merge when child endangering also serves as the predicate offense for the felony murder charge. *Johnson* at ¶4-5., citing *State v. Johnson*, 1st Dist. Nos. C-080156 & C-

080158, 2009-Ohio-2568 (concluding offenses were not allied because the legislature intended for the offenses to protect distinct societal interests) and *State v. Mills*, 5th Dist. No. 2007-AP-07-0039, 2009-Ohio-1849 (comparing elements in the abstract and concluding offenses were allied). In resolving the conflict, the Supreme Court acknowledged the inherent difficulty in applying its allied offense law, abandoned its former approach, and set forth a new conduct-based approach. The high court discarded *Rance's* directive that courts examine the statutory elements of offenses in the abstract before considering the conduct of a defendant and, instead, embraced the plain language of R.C. 2941.25. *Johnson* at ¶44. The Court held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at syllabus. In interpreting *Johnson*, this Court has held that while none of the separate opinions in *Johnson* gained a majority, a majority of the Supreme Court did agree that an allied offense determination must depend upon a defendant's conduct and the evidence and arguments introduced at trial with regard to that conduct. *State v. Brown*, 9th Dist. No. 25287, 2011-Ohio-1041, at ¶49, citing *Johnson* at ¶54-57; id. at ¶69-70 (O'Connor, J., concurring).

{¶12} In this case, Ross contends that his murder, felonious assault, and endangering children convictions are allied offenses of similar import because they were "all clearly done with the same animus." In support of his position, Ross relies heavily on the Supreme Court of Ohio's decision in *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147. In *Williams*, the Supreme Court relied on *Rance*, and several other Supreme Court cases, as controlling authority for the proposition that the trial courts are required to compare the elements of offenses in the abstract without considering the evidence in the case. *Williams* at ¶16. As discussed above, the Supreme Court subsequently overhauled its allied offense jurisprudence in *Johnson*. Thus, the

foremost question in this case is whether Ross committed the crimes of murder, felonious assault, and endangering children separately or with a separate animus. See *Johnson*, supra. Unlike the circumstances the Supreme Court recently confronted in *State v. Wilson*, Slip Opinion No. 2011-Ohio-2669, the parties in this case are not in agreement as to whether any of the aforementioned offenses are allied. This Court expresses no position on that issue at this time. Rather than decide this issue in the first instance, we must remand this matter to the trial court for a determination as to whether Ross' offenses are, in fact, allied offenses of similar import. *Brown* at ¶50, citing *Johnson* at ¶49-50. Accord *State v. Wenker*, 9th Dist. No. 25185, 2011-Ohio-786, at ¶21-22. Therefore, we reverse on this basis and remand to the trial court for the application of *Johnson* in the first instance.

### III.

{¶13} The sole assignment of error is sustained to the extent that the judgment must be reversed for the application of *Johnson*, supra. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, P. J.
CONCUR

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.