[Cite as *State v. Campbell*, 2012-Ohio-4231.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | APPEAL NO. C-090875 |
| | | | TRIAL NO. B-0808031 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | *O P I N I O N.* |
| WILLIAM CAMPBELL, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Sentences Vacated in Part and Cause Remanded

Date of Judgment Entry on Appeal:  September 19, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Carpenter Lipps & Leland LLP, Kort Gatterdam,* and *Erik P. Henry,* for Defendant-Appellant.

Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1}   In this reopened appeal, defendant-appellant William Campbell presents a single assignment of error, challenging the Hamilton County Common Pleas Court's imposition of consecutive prison terms for each of two counts of aggravated vehicular homicide and a single count of operating a vehicle under the influence of alcohol.  Because the trial court violated R.C. 2941.25 when it sentenced Campbell on both counts of aggravated vehicular homicide, we vacate those sentences and remand to the trial court for resentencing.

{¶2}   In 2009, Campbell was convicted of a single count of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) ("OVI") and two counts of aggravated vehicular homicide: one count charged him under R.C. 2903.06(A)(1)(a) with causing another's death as the proximate result of OVI in violation of R.C. 4511.19;[1] and the second count charged him under R.C. 2903.06(A)(2)(a) with recklessly causing another's death while operating a motor vehicle.  The trial court imposed consecutive prison terms of 15 years for OVI-based aggravated vehicular homicide, eight years for recklessness-based aggravated vehicular homicide, and five years for OVI.

{¶3}   Campbell unsuccessfully challenged his convictions in direct appeals to this court and to the Ohio Supreme Court, *see State v. Campbell*, 1st Dist. No. C-090875 (Mar. 4, 2011), *appeal not accepted*, 132 Ohio St.3d 1411, 2012-Ohio-2454, 968 N.E.2d 493, and in an R.C. 2953.21 petition for postconviction relief.  *See State*

---

[1] The judgment of conviction incorrectly stated that Campbell had been found guilty, on count one, of aggravated vehicular homicide in violation of "R.C. 2903.06A1**B**."

*v. Campbell*, 1st Dist. No. C-100705, 2011-Ohio-3784; *State v. Campbell*, 1st Dist. No. C-120016 (June 29, 2012).

{¶4}   But in February 2012, we granted Campbell's App.R. 26(B) application to reopen his direct appeal, upon our determination that his appellate counsel had been ineffective in failing to present on appeal an assignment of error challenging, under R.C. 2941.25, the trial court's imposition of a sentence on each of the three counts.  That assignment of error, advanced here in Campbell's reopened appeal, is well taken in part.

### R.C. 2941.25:  The Multiple-Counts Statute

{¶5}   In 1972, the Ohio General Assembly enacted R.C. 2941.25, the multiple-counts statute, with the stated purpose of "prevent[ing] shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same conduct." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 43 and 15 (citing 1973 Legislative Service Commission comments to 1972 Am.Sub.H.B. No. 511).  The statute provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may

3

contain counts for all such offenses, and the defendant may be convicted of all of them.

Thus, by the terms of the statute, a defendant may, in a single proceeding, be sentenced for two or more offenses, having as their genesis the same criminal conduct or transaction, only if the offenses (1) are not allied offenses of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense. *State v. Bickerstaff*, 10 Ohio St.3d 62, 461 N.E.2d 892 (1984); *see also State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 51; *State v. Anderson*, 1st Dist. No. C-110029, 2012-Ohio-3347, ¶ 15.

{¶6} *Rance.* Under the multiple-counts analysis established in 1999 by the Ohio Supreme Court in its now-overruled decision in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), two offenses were deemed to constitute "allied offenses of similar import" for purposes of R.C. 2941.25(A) if the elements of the offenses, compared in the abstract, corresponded to such a degree that the commission of one offense would result in the commission of the other offense. *Id.* at 638. In 2007, in *State v. Hundley*, 1st Dist. No. C-060374, 2007-Ohio-3556, we applied *Rance* to hold that, for the death of a single victim, Hundley could be sentenced for both OVI-based aggravated vehicular homicide in violation of former R.C. 2903.06(A)(1) and recklessness-based aggravated vehicular homicide in violation of former R.C. 2903.06(A)(2), because the offenses were not, for purposes of R.C. 2941.25(A), allied offenses of similar import. *See Hundley* at ¶ 7-12. Similarly, in 2008, in *State v. Finley*, 1st Dist. No. C-061052, 2008-Ohio-4904, we applied *Rance* to hold that, for the death of a single victim, Finley could be sentenced for both felony murder and the predicate

4

violent felony of serious-harm felonious assault, again because the offenses were not allied offenses of similar import.

{¶7}   *Cabrales.*  In April 2008, the supreme court in *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, began to retreat from *Rance*.  The court acknowledged that "interpreting *Rance* to require a strict textual comparison [of elements] under R.C. 2941.25(A) conflict[ed] with legislative intent and cause[d] inconsistent and absurd results."  *Cabrales* at ¶ 27.  The court thus sought to "clarify" *Rance*, holding that offenses are allied offenses of similar import for purposes of R.C. 2941.25(A) "if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other * * * ."  *Cabrales* at ¶ 26.

{¶8}   In the wake of *Cabrales*, we overruled our *Rance*-based decisions in *Hundley* and *Findley*.  In *State v. Moore*, 1st Dist. No. C-070421, 2008-Ohio-4116, we overruled *Hundley*.  We held in *Moore* that OVI-based aggravated vehicular homicide in violation of former R.C. 2903.06(A)(1) and recklessness-based aggravated vehicular homicide in violation of former R.C. 2903.06(A)(2) were allied offenses of similar import, and that "when a defendant commits one act and kills one person, [the] defendant may be * * * sentenced for only one aggravated vehicular homicide."  *Moore* at ¶ 9.

{¶9}   In *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937, the supreme court followed *Cabrales* to hold that attempted felony murder and the predicate offense of felonious assault were allied offenses.  The court reasoned that, because the predicate offense constituted an element of the greater offense, the commission of attempted felony murder would necessarily result in the commission of

5

its predicate felonious assault. We followed *Williams* in *State v. Jackson*, 1st Dist. No. C-090414, 2010-Ohio-4312, to overrule our *Rance*-based decision in *Finley*. *Jackson* at ¶ 21-22. In turn, our decision in *Jackson* prompted us to reconsider our 2008 decision in *Finley*. *State v. Finley*, 1st Dist. No. C-061052, 2010-Ohio-5203, ¶ 53. And the *Williams* rationale led a number of appellate districts to hold that OVI-based aggravated vehicular assault and OVI were allied offenses of similar import. *See State v. Caston*, 6th Dist. No. E-09-051, 2010-Ohio-6498 (citing *Cabrales* and *Williams*); *accord State v. Phelps*, 12th Dist. No. CA2009-09-243, 2010-Ohio-3257, ¶ 31; *State v. West*, 2d Dist. No. 23547, 2010-Ohio-1786, ¶ 43; *State v. Duncan*, 5th Dist. No. 2009CA028, 2009-Ohio-5668, ¶ 62 (applying *Cabrales*).

{¶10} ***Johnson.*** In December 2010, the retreat from *Rance* that began with *Cabrales* was completed, when the supreme court decided *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *Johnson*, the court abandoned *Rance*'s "ethereal 'in the abstract' analysis," *Johnson* at ¶ 28, and "return[ed] to the mandate of R.C. 2941.25[A], which instructs courts to consider whether a defendant's *conduct* constituted two or more allied offenses of similar import." *Johnson* at ¶ 8 (emphasis added). Under *Johnson*, the defendant is afforded the protection of R.C. 2941.25, and a sentence may be imposed for only one of multiple offenses, if the record shows that the state relied upon the "same conduct" to prove the offenses, and that the offenses were committed neither separately nor with a separate animus as to each. *Johnson* at ¶ 49 and 51. *Accord State v. Anderson*, 1st Dist. No. C-110029, 2012-Ohio-3347, ¶ 20; *State v. Johnson*, 195 Ohio App.3d 59, 2011-Ohio-3143, 958 N.E.2d 977, ¶ 78 (1st Dist.).

6

### *Campbell's Allied Offenses.*

{¶11} In 2009, upon evidence that his drunk driving had caused him to speed through a stop sign, collide with the side of a building, and kill his passenger, Campbell was found guilty of two counts of OVI-based aggravated vehicular homicide, two counts of OVI, and one count of recklessness-based aggravated vehicular homicide. He was acquitted on a sixth count, charging him with failing to comply with a signal of a police officer.

{¶12} *Cabrales* and *Moore* had been decided in 2008. Thus, in December 2009, when Campbell was sentenced, the supreme court in *Cabrales* had discredited *Rance*, and we had in *Moore* overruled our *Rance*-based decision in *Hundley*. Then, while Campbell's appeal was pending before this court, and before the appeal was submitted, we had in *Jackson* overruled our *Rance*-based decision in *Findley*, and the supreme court had expressly overruled *Rance* in *Johnson*.

{¶13} The state, in its sentencing memorandum and at the sentencing hearing, conceded that, consistent with R.C. 2941.25, the trial court could sentence Campbell for only one of the two OVIs and only one of the two OVI-based aggravated vehicular homicides. But the state, citing *Rance* and *Hundley*, argued that OVI, OVI-based aggravated vehicular homicide, and recklessness-based aggravated vehicular homicide were not allied offenses of similar import. The trial court sentenced Campbell accordingly. And the matter was not assigned as error on appeal.

{¶14} In Campbell's reopened appeal, the state concedes, and we agree, that the trial court erred in sentencing Campbell for both OVI-based aggravated vehicular homicide and recklessness-based aggravated vehicular homicide. The offenses are

7

allied offenses of similar import because they were predicated upon the same conduct. And because this conduct had caused the death of a single victim, the offenses cannot be said to have been committed either separately or with a separate animus as to either.

{¶15} But the state had also adduced at trial evidence of drunk driving observed by a police officer before the fatal collision. Because the trial record permits a conclusion that the OVI verdict was not predicated upon the same conduct as the aggravated-vehicular-homicide verdicts, the OVI was not an allied offense of either aggravated vehicular homicide. Thus, Campbell could, consistent with R.C. 2941.25, be sentenced for OVI.

## *Conclusion*

{¶16} We, therefore, vacate the sentences imposed for OVI-based aggravated vehicular homicide and recklessness-based aggravated vehicular homicide and remand the case for resentencing in accordance with the law and this opinion. In all other respects, we affirm the judgment of the court below.

Sentences vacated in part and cause remanded.

HENDON, P.J., DINKELACKER and FISCHER, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.