[Cite as *State v. Winters*, 2013-Ohio-2722.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120543 |
| | | C-120544 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1000393 |
| | | B-1203109 |
| vs. | : | |
| | | *O P I N I O N.* |
| JASON WINTERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: June 28, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}     Defendant-appellant Jason Winters was convicted of five counts of theft, seven counts of forgery, and one count of misuse of credit cards.  Winters now appeals, raising two assignments of error.  For the following reasons, we vacate his sentences in part and remand for resentencing.  In all other respects, we affirm the judgment of the trial court.

## Background

{¶2}     In a 13-count indictment, the state alleged that Winters repeatedly stole money from an elderly women for whom he had been providing home care.  The indictment contains several parts: Count 1 addresses the theft of the checks and debit cards on May 17, 2011, and Count 8 also addresses the theft of personal property on that date;  Counts 2 through 4 address the forgery of three checks, and Count 5 addresses the theft of money resulting from the forgery of those checks;  Count 6 addresses the unauthorized use of a credit card, and Count 7 addresses the theft of money resulting from that credit card misuse;  and Counts 9 through 12 address the forgery of four additional checks, and Count 13 addresses the theft of money resulting from the forgery of those checks.

{¶3}     Pursuant to a plea agreement, Winters admitted to violating community control requirements in an unrelated case and pleaded guilty to counts 1, 2, 5, 6, 7, 8, 9, and 13.  At the sentencing hearing, Winters received a separate sentence for each of those counts.

## Merger

{¶4}     In his first assignment of error, Winters argues that the trial court erred by imposing convictions and consecutive sentences for Counts 1 and 8, and Counts 6

and 7 under Ohio's multiple-count statute, R.C. 2941.25. Under R.C. 2941.25, "a sentence may be imposed for only one of multiple offenses if the record shows that the state relied upon the same conduct to prove the offenses, and that the offenses were committed neither separately nor with a separate animus as to each." *State v. Campbell*, 2012-Ohio-4231, 978 N.E.2d 970, ¶ 10 (1st Dist.).

{¶5} When applying R.C. 2941.25, this court must "consider the statutory elements of each offense in the context of the defendant's conduct." *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 20. In this case, Counts 1 and 8 charged Winters with theft, as defined by R.C. 2913.02(A). The record reflects that on May 17, 2011, Winters stole the woman's credit card and checks, and used them at several banks. Count 1 related to the theft of her checks and credit cards. Count 8 also alleged theft, but only of general personal property. Since the record indicates that only checks and credit cards were taken, the two counts can only refer to the same theft. Thus, Winters committed Counts 1 and 8 together with the same conduct on the same date.

{¶6} As to his argument regarding Counts 6 and 7, Winters was convicted of misuse of credit cards, as defined by R.C. 2913.21(B)(2), and another count of theft. Between October 8, 2011, and February 13, 2012, Winters used the woman's credit cards to charge $610.97. Count 6 refers to the misuse of her credit card for that amount, and Count 7 refers to the same amount as the object of the theft charge. Both counts relate to the same time frame, and the bill of particulars uses exactly the same language to describe each offense. Thus, Winters committed Counts 6 and 7 together with the same conduct on the same dates.

{¶7} We next examine whether the offenses were each committed with a separate animus. "The Ohio Supreme Court interprets the term 'animus' to mean

3

'purpose or, more properly, immediate motive,' and infers animus from the surrounding circumstances." *State v. Shields*, 1st Dist. No. C-100362, 2011-Ohio-1912, ¶ 16, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). Although animus is often difficult to prove directly, "the manner in which a defendant engages in a course of conduct may indicate distinct purposes." *State v. Whipple*, 2012-Ohio-2938, 972 N.E.2d 1141, ¶ 38 (1st Dist.).

{¶8} In this case, the record reflects that Winters's immediate motive was to steal from his victim by means of the checks and debit cards he took. When he stole the checks and credit cards, which were the personal property of the victim, he committed the offenses alleged in Counts 1 and 8 with the same animus. Likewise, when he misused the victim's credit cards, and stole money from the victim as a result of that misuse, he committed the offenses alleged in Counts 6 and 7 with the same animus.

{¶9} Having determined that the offenses were committed with the same conduct and not separately, we hold that Counts 1 and 8 should have been merged under R.C. 2941.25, and that Counts 6 and 7 should have been merged under R.C. 2941.25. Accordingly, the first assignment of error is sustained.

## Sentencing

{¶10} In his second assignment of error, Winters argues that the trial court erred by imposing a sentence that is not supported by the findings in the record. Specifically, Winters argues that the trial court failed to consider his remorse in light of his counsel's and his own remarks about his remorse during the sentencing hearing.

{¶11} Appellate review of a criminal sentence requires a two-step approach. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. First, the trial court must comply with all applicable rules and statutes in imposing a sentence that is not clearly and convincingly contrary to law. *Id.* The trial court's decision is then

reviewed under an abuse-of-discretion standard. *Id.* Unless something in the record reflects otherwise, trial courts are presumed to have followed the purposes and principals of sentencing.

{¶12} In this case, Winters repeatedly stole from an elderly woman for whom he had been providing home care. He essentially deprived her of her life savings while she was hospitalized. Further, Winters committed these crimes while on community control for an unrelated offense. Finally, the court noted that Winters showed a lack of remorse, despite his later comments, and showed no desire to change his criminal habits. The fact that the trial court did not believe that Winters was remorseful is not grounds to overturn his sentence. Therefore, Winters failed to establish that the trial court's sentence was unreasonable, arbitrary, or unconscionable. We overrule his second assignment of error.

### Conclusion

{¶13} Having determined that the trial court erred in imposing separate sentences for Counts 1 and 8, and Counts 6 and 7, we vacate those sentences and remand this cause for resentencing pursuant to the state's election. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus. In all other respects, we affirm the judgment of the trial court.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

**FISCHER** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.