[Cite as *State v. Hammond*, 2021-Ohio-2493.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190597 |
| | | TRIAL NO. B-0708161-B |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| RAYMOND HAMMOND, JR., | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  July 21, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael K. Allen & Associates*, *Michael K. Allen* and *Bryan R. Perkins*, for Defendant-Appellant.

**ZAYAS, Presiding Judge**.

{¶1}   Defendant-appellant Raymond Hammond, Jr., appeals the Hamilton County Common Pleas Court's judgment denying the relief sought in his "Motion to Vacate and Set-Aside Judgment Due to Void Sentence."   We affirm the court's judgment as modified to dismiss the motion.

*Procedural Posture*

{¶2}   In 2008, Hammond was convicted upon jury verdicts finding him guilty of attempted murder and two counts of felonious assault for shooting Alejandro Camacho three times and on one of two counts charging felonious assault for shooting Carlos Morales once.   In June 2009, this court decided Hammond's appeal from those convictions.   We reversed the two felonious-assault convictions involving Camacho and remanded for resentencing, upon our determination that those offenses were allied offenses of similar import subject to merger under the multiple-counts statute, R.C. 2941.25.   We affirmed Hammond's attempted-murder conviction, holding that the multiple-counts statute did not mandate merging that offense with either felonious-assault offense.   *State v. Hammond*, 1st Dist. Hamilton Nos. C-080394, C-080431 and C-080394 (June 3, 2009).

{¶3}   Pursuant to our mandate, the trial court conducted a resentencing hearing on July 17, 2009.   But the trial court did not enter the judgment of conviction until July 22.   Meanwhile, on July 17, the trial court entered an entry appointing counsel "for the purpose of prosecuting [an] appeal [from Hammond's resentencing], and if Counsel deems necessary, to pursue an appeal to the Supreme Court of Ohio."   And on July 20, appointed counsel appealed to the Supreme Court this court's decision in the direct appeal.

{¶4}   The July 22, 2009 judgment of conviction reflected, for the offenses involving Camacho, Hammond's conviction for attempted murder, the verdicts finding him guilty on two counts of felonious assault, and consistent with our

mandate, the imposition of a prison sentence on only one of the two felonious-assault counts. Concerning the two felonious-assault charges involving Morales, the judgment mistakenly stated that Hammond had been found guilty of both counts, but did not impose a sentence for the felonious-assault count on which he had been acquitted.

{¶5} In April 2010, following its January 2010 decision in *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937, the Supreme Court decided Hammond's appeal of this court's decision in the direct appeal. With respect to Hammond's offenses involving Camacho, the Supreme Court affirmed that part of this court's judgment holding that Hammond "may be convicted of one count of attempted murder." But the Supreme Court reversed that part of our judgment holding that Hammond "may not be convicted of two counts of felonious assault," "reinstated" the 2008 judgment of conviction, and "ordered that a mandate be sent to the Court of Common Pleas for Hamilton County to carry [the Supreme Court's] judgment into execution." Despite that "mandate," the trial court took no further action.

{¶6} Hammond unsuccessfully sought to reanimate his merger challenges in pro se motions filed in 2011, 2013, 2014, and 2018. In his 2018 "Motion to Vacate and Set-Aside Judgment Due to Void Sentence," he asserted that his sentences for attempted murder and the two felonious assaults involving Camacho were void, because they were imposed in violation of the multiple-counts statute and the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution. In this appeal from the overruling of that motion, Hammond presents three assignments of error.

*No Jurisdiction to Entertain the Motion*

{¶7} The first and second assignment of error essentially restate claims presented in Hammond's "Motion to Vacate and Set-Aside Judgment Due to Void Sentence" and thus may fairly be read together to challenge the denial of that

3

motion. We conclude that the common pleas court had no jurisdiction to entertain the motion.

{¶8} Hammond did not designate in his motion a statute or rule under which the relief sought may have been afforded. The common pleas court was thus left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶9} Under R.C. 2953.21 et seq., the postconviction statutes, a common pleas court may grant relief from a conviction upon proof of a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). R.C. 2941.25, governing the matter of sentencing on multiple counts charged in the same indictment, effectuates the protections against multiple punishments for the same offense secured under the state and federal Double Jeopardy Clauses. *State v. Payne*, 1st Dist. Hamilton No. C-790257, 1980 WL 352849 (May 28, 1980). Because Hammond's postconviction allied-offenses and double-jeopardy claims sought relief based on alleged constitutional violations during the proceedings resulting in his convictions, they were reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶10} But Hammond filed his motion well after the time prescribed by R.C. 2953.21(A)(2) had expired. And he failed to satisfy the R.C. 2953.23 jurisdictional requirements for filing a late postconviction petition, when he did not show either that he had been unavoidably prevented from discovering the facts upon which his postconviction claims depended, or that his claims were predicated upon new and retrospectively applicable rights recognized by the United States Supreme Court since the time for filing the claims had expired. Consequently, the postconviction

4

statutes did not confer upon the common pleas court jurisdiction to entertain those claims. *See* R.C. 2953.23(A)(1)(a).

{¶11} Nor could the common pleas court have granted relief under its jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. The alleged allied-offenses error, even if demonstrated, would not have rendered Hammond's convictions void, because the trial court had personal jurisdiction by virtue of Hammond's indictment for felony offenses and subject-matter jurisdiction to convict him of those offenses. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4-6 and 41 ("realign[ing]" the court's void-versus-voidable jurisprudence with the "traditional" rule that a judgment of conviction is voidable, not void, if entered by a court having personal and subject-matter jurisdiction).

{¶12} The common pleas court had no jurisdiction to entertain Hammond's "Motion to Vacate and Set-Aside Judgment Due to Void Sentence." Therefore, the court properly declined to grant the relief sought in that motion. Accordingly, we overrule the first and second assignments of error.

*2009 Judgment of Conviction Not Correctable under Crim.R. 36*

{¶13} In his third assignment of error, Hammond asks that he again be "resentence[ed]," because the 2009 judgment of conviction, resentencing him on remand from this court's decision in the direct appeal, misstated that the jury had found him "guilty" on count 5, charging felonious assault of Morales, when the jury had actually acquitted him of that charge. Hammond is not entitled to the relief sought.

{¶14} Crim.R. 36 authorizes a court to "correct[] * * * at any time" "clerical mistakes in judgments." Although the 2009 judgment of conviction was entered pursuant to this court's remand in the direct appeal, the trial court had lost jurisdiction to act in Hammond's case after appointed counsel appealed our decision

to the Supreme Court. *See State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978); *State v. Morgan*, 1st Dist. Hamilton No. C-140146, 2014-Ohio-5325, ¶ 12. Therefore, the 2009 judgment of conviction constituted a legal nullity. *See Farris v. State*, 1 Ohio St. 188, 189 (1853) (applying the fundamental principle that a judgment of a court acting without jurisdiction is a "nullity").

Moreover, in that appeal, the Supreme Court reversed that part of this court's judgment in the direct appeal reversing Hammond's felonious-assault convictions involving Camacho, "reinstated" the 2008 judgment of conviction, and "mandate[d]" that its judgment be "execut[ed]" by the trial court. Despite the trial court's failure to follow that mandate, Hammond stands convicted under the "reinstated" judgment of conviction entered in 2008.

Because there was no 2009 judgment of conviction, the clerical error in that judgment was not subject to correction under Crim.R. 36. Accordingly, we overrule the third assignment of error.

*Affirmed as Modified to Dismiss*

{¶15} The common pleas court lacked jurisdiction to afford Hammond the relief sought in his "Motion to Vacate and Set-Aside Judgment Due to Void Sentence." Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the common pleas court's judgment to reflect dismissal of the motion. And we affirm the judgment as modified.

Judgment affirmed as modified.

**CROUSE** and **WINKLER, JJ.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.


6