[Cite as *State v. Sow*, 2019-Ohio-3641.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,             :          APPEAL NO.  C-160835
                                  TRIAL NO. B-1506648

     Plaintiff-Appellee,        :

   vs.                           :          *O P I N I O N.*

SAIDOU SOW,            :

     Defendant-Appellant.     :

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Sentences Vacated and Cause Remanded

Date of Judgment Entry on Appeal:  September 11, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswalt,* for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}    In this reopened appeal, defendant-appellant Saidou Sow raises three assignments of error challenging the voluntariness of his no-contest pleas to aggravated vehicular assault and vehicular assault, the trial court's imposition of multiple punishments for those offenses, and the imposition of an unauthorized lifetime driver's license suspension. Because we conclude that the trial court erred in imposing sentences for both aggravate vehicular assault and vehicular assault, and in imposing a lifetime driver's license suspension, we vacate the sentences imposed for those offenses, and remand the matter for resentencing.

### Background Facts and Procedure

{¶2}    In 2016, Sow had been charged with aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a), and with vehicular assault, in violation of R.C. 2903.08(A)(2)(b), for causing serious injuries to his passenger when Sow, while under the influence of alcohol, drove his car into a utility pole. R.C. 2903.08(A)(1)(a) proscribes causing serious physical harm as the proximate result of operating a motor vehicle while intoxicated in violation of R.C. 4511.19 ("OVI"). R.C. 2903.08(A)(2)(b) proscribes recklessly causing serious physical harm while operating a motor vehicle.

{¶3}    Sow entered no-contest pleas to both offenses. At a combined plea and sentencing hearing, the trial court stated, "Now I think for purposes of sentencing that these counts * * * will probably merge." Sow's trial counsel agreed. The state offered no comment and the trial court continued the plea colloquy. Nonetheless, the trial court, after accepting Sow's pleas and finding him guilty, convicted Sow for both offenses, imposed a term of confinement for each offense, and ordered those terms to be served concurrently. The trial court also imposed, inter alia, a lifetime

driver's license suspension as part of the sentence for the aggravated-vehicular-assault offense.

{¶4} In a direct appeal to this court, Sow unsuccessfully challenged only the denial of a motion to suppress his blood-alcohol-test results. *See State v. Sow*, 1st Dist. Hamilton No. C-160835 (Nov. 3, 2017). But in April 2018, we granted Sow's App.R. 26(B) application to reopen his appeal. We reviewed the case law in effect prior to the submission of Sow's initial appeal and reopened that appeal upon our determination that Sow's appellate counsel had been ineffective in failing to present an assignment of error challenging the trial court's authority to impose sentence for both OVI-based aggravated vehicular assault and recklessness-based vehicular assault.

{¶5} Sow now advances that assignment of error in this reopened appeal. In addition, he advances two others, challenging the voluntariness of his no-contest pleas and the trial court's authority to impose a lifetime driver's license suspension.

**Allied Offenses**

{¶6} In his first assignment of error, Sow argues that the trial court erred in convicting him for aggravated vehicular assault and vehicular assault because they are allied offenses of similar import. He also notes that the trial court further erred by imposing sentences for both offenses after it had announced at sentencing that those offenses would "probably merge" as allied offenses of similar import. Therefore, he contends, the trial court denied him the protections of R.C. 2941.25, Ohio's multiple-count statute, by finding him guilty of and sentencing him for both offenses. We agree.

{¶7} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus, the Ohio Supreme Court held that, pursuant to R.C. 2941.25, separate sentences may be imposed on a defendant whose conduct supports multiple offenses if the offenses were dissimilar in import, were committed

3

separately, or were committed with a separate animus. Offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. When, as here, it is clear from the record that the trial court was aware of the alleged error before imposing sentence, its imposition of multiple sentences is reviewed de novo. *See State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶8}  In this case, as the state concedes, the trial court erred in sentencing Sow for both OVI-based aggravated vehicular assault and recklessness-based vehicular assault. The offenses were allied offenses of similar import under R.C. 2941.25. They were predicated upon the same conduct which resulted in serious physical harm to a single victim. The harm resulting from each offense was not separate and identifiable. *See State v. Smith*, 2017-Ohio-537, 85 N.E.3d 304, ¶ 19 (8th Dist.). And the offenses cannot be said to have been committed either separately or with a separate animus as to either. *See Ruff* at ¶ 31; *see also State v. Campbell*, 2012-Ohio-4231, 978 N.E.2d 970, ¶ 14 (1st Dist.) (holding, in a pre-*Ruff* decision, that OVI-based aggravated vehicular homicide and recklessness-based aggravated vehicular homicide were allied offenses of similar import).

{¶9}  Moreover, as both parties noted, before accepting Sow's pleas to both offenses, the trial court stated that the counts would "probably merge" for sentencing. When a trial court has concluded that a defendant has been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. The court has "a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law * * * ." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28; *see State v. Benson*, 1st Dist. Hamilton No. C-180128, 2019-Ohio-3255, ¶ 49.

{¶10} Even when, as here, the sentences imposed for allied offenses are ordered to be served concurrently, a defendant is prejudiced by having more convictions than are authorized by law. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. The imposition of concurrent sentences is not harmless error. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17; *see State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 41 (1st Dist.).

{¶11} Thus we hold that the trial court should have afforded Sow the protection of R.C. 2941.25. Sow's first assignment of error is sustained.

### Not Prejudiced by Erroneous Penalty Information

{¶12} In his second assignment of error, Sow challenges the voluntariness of his plea of no contest to aggravated vehicular assault. He argues that the trial court failed to substantially comply with Crim.R. 11(C) when, at the plea hearing, it informed Sow that the potential one-to-five-year prison term for the third-degree felony offense would include "a mandatory one-year prison sentence." Sow's written plea form also provided for a one-year mandatory prison term. But under R.C. 2903.08(D)(1), the entire prison term imposed for the third-degree aggravated-vehicular-assault offense was mandatory by operation of law. *See State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 13; *see also State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 14.

{¶13} The trial court ultimately imposed a three-year prison term for that offense with 320 days credited for time already served.

{¶14} A plea is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure a no-contest plea is made knowingly, intelligently, and voluntarily, the trial court must personally address the defendant pursuant to Crim.R. 11(C) and inform him of certain constitutional and nonconstitutional rights. *Id.*

{¶15} A trial court need only substantially comply with Crim.R. 11 when explaining the nonconstitutional rights set forth in Crim.R. 11(C)(2), including the nature of the charges, the maximum penalty involved, and the eligibility of the defendant for community control. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). When a trial court fails to substantially comply with Crim.R. 11 with regard to a nonconstitutional right, the plea may be vacated only if the defendant can also demonstrate "a prejudicial effect." *Id.* "The test [for prejudice] is whether the plea would have otherwise been made." *Id.*; *see State v. Foster*, 2018-Ohio-4006, 121 N.E.3d 76, ¶ 16 (1st Dist.).

{¶16} At the combined hearing, Sow's trial counsel acknowledged the "grave mistake" that his client had made "in getting behind the wheel." He stated that he had discussed the potential sentence with Sow. Counsel then told the court that in light of Sow's "complete lack of [a criminal] record and his long stretch showing the Court that he can abide by the law, we would be asking for a sentence of three years" with credit for time served. Since Sow received the exact length of sentence that he had suggested to the trial court as an appropriate sanction for his "grave mistake," Sow is unable to demonstrate that he would not have otherwise entered a no-contest plea. In the absence of prejudicial effect demonstrated on the face of the record, we cannot vacate Sow's plea despite the trial court's failure to substantially comply with Crim.R. 11(C)(2). The second assignment of error is overruled.

### Unauthorized Driver's License Suspension

{¶17} In his third assignment of error, Sow argues that the trial court erred in imposing a lifetime driver's license suspension as a sanction for the aggravated-vehicular-assault offense. We agree.

**{¶18}** "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964); *see State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23. As the state concedes, under R.C. 2903.08(B)(2) and 4510.02(A)(3), the trial court was authorized to impose a driver's license suspension only for a definite term of two to ten years. A lifetime suspension was not authorized by statute. Thus that part of Sow's sentence was contrary to law. *Fischer* at ¶ 23. Accordingly, we sustain the third assignment of error.

### Conclusion

**{¶19}** Having sustained Sow's first and third assignments of error, we vacate, in their entirety, the sentences imposed for OVI-based aggravated vehicular assault and recklessness-based vehicular assault. We remand the cause for the state to elect which offense should survive, and for resentencing in accordance with law and this opinion. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph two of the syllabus.

Judgment accordingly.

**BERGERON** and **Crouse, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.