[Cite as *State v. Sow*, 2019-Ohio-4028.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180502 |
| | | TRIAL NO. B-1506648 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| SAIDOU SOW, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  October 2, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Saidou Sow*, pro se.

**MOCK, Presiding Judge.**

{¶1} Petitioner-appellant Saidou Sow appeals the Hamilton County Common Pleas Court's judgment denying his R.C. 2953.21 petition for postconviction relief. We affirm the court's judgment.

{¶2} Sow was convicted in 2016 upon no-contest pleas to aggravated vehicular assault and vehicular assault. We affirmed those convictions in the direct appeal. *State v. Sow*, 1st Dist. Hamilton No. C-160835 (Nov. 3, 2017). We later reopened that appeal and, in 2019, remanded for resentencing consistent with R.C. 2941.25. *State v. Sow*, 1st Dist. Hamilton No. C-160835, 2019-Ohio-3641.

{¶3} In May 2017, while his initial direct appeal was pending, and within the time prescribed by R.C. 2953.21(A)(2), Sow challenged his convictions by filing with the common pleas court a petition under R.C. 2953.21 for postconviction relief. In June 2017, the court summarily "denie[d]" the petition for "lack of jurisdiction." In December 2017, after we had affirmed his convictions in the direct appeal, Sow "refiled" his petition. And in January 2018, the court entered findings of fact and conclusions of law and denied the petition on the merits.

{¶4} In this appeal, Sow presents two assignments of error that, read together, challenge the denial of his postconviction petition without an evidentiary hearing. We conclude that the common pleas court did not err in doing so.

### *Not a Late or Successive Petition*

{¶5} We note at the outset that Sow's postconviction petition was not, as the state argues, subject to dismissal under R.C. 2953.23 as a late or successive petition. Because the petition was timely filed, the common pleas court had jurisdiction to decide the petition on the merits, regardless of the pendency of the direct appeal, and the court

was required to make and enter findings of fact and conclusions of law specifying its reasons for dismissing or denying each postconviction claim. *See* R.C. 2953.23(A) and 2953.21(A)(2), (D), and (H). The court did not lose jurisdiction to decide the petition when, in June 2017, it entered judgment summarily denying the petition for "lack of jurisdiction," because without findings of fact and conclusions of law, that entry did not constitute a final appealable order. *See State v. Mapson*, 1 Ohio St.3d 217, 218, 438 N.E.2d 910 (1982); *State v. Gholston*, 1st Dist. Hamilton No. C-010789, 2002-Ohio-3674. Sow's "refiled" petition was thus a redundancy. And this appeal is properly taken from the court's January 2018 entry of findings of fact and conclusions of law and judgment denying his timely filed petition on the merits.

### *Postconviction Relief was Properly Denied*

{¶6} Sow was charged with aggravated vehicular assault and vehicular assault for injuring his passenger when he drove his car into a utility pole. The trial court overruled his pretrial motion to suppress the results of a blood-alcohol test, and Sow pled no-contest to the charges. At the plea hearing, after the court had accepted his pleas, the assistant prosecuting attorney stated that Sow, while "operating a vehicle under the influence of alcohol" and with a blood-alcohol concentration of .157, had "hit a pole on the opposite side of the street," causing an unsecured spare tire to fly from his sport utility vehicle's cargo area into the back of his passenger, leaving him paralyzed. Upon that recitation of the facts and Sow's admission, by his no-contest pleas, of the facts alleged in the indictment, the trial court found him guilty.

{¶7} Sow's convictions were affirmed in the direct appeal, upon our overruling of the sole assignment of error presented there, to the overruling of his

3

motion to suppress. And the trial court's guilty findings were left undisturbed by our 2019 remand for resentencing.

{¶8} In his postconviction petition, Sow contended that his no-contest pleas had been the unknowing and unintelligent product of his trial counsel's ineffectiveness. Counsel, he insisted, was constitutionally ineffective in investigating his case, arguing his motion to suppress, and counseling him to plead no-contest, because the results of the blood-alcohol test conducted on blood drawn at the hospital were demonstrably subject to exclusion under the Fourth Amendment to the United States Constitution, when the affidavit for the "after the fact" search warrant issued for that blood had contained "false" statements concerning the blood draw and Sow's "poor[]" performance of field-sobriety tests. Sow supported the petition with his own affidavit, documents related to the blood-alcohol test, and the affidavit for the warrant.

{¶9} Sow's postconviction claim was not, as the common pleas court concluded, barred under the doctrine of res judicata, because the claim depended for its resolution upon evidence outside the record of the proceedings leading to his convictions. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. But the claim was properly denied on the alternative ground that the petition, with its supporting evidence, did not demonstrate substantive grounds for relief.

{¶10} A postconviction claim may be denied without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *See* R.C. 2953.21(C); *State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980). In support of his claim that his no-contest pleas were

4

the unknowing and unintelligent product of his trial counsel's ineffectiveness, Sow bore the burden of demonstrating that his counsel's performance had been deficient in the sense that counsel "was not functioning as the 'counsel' guaranteed * * * by the Sixth Amendment," *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that there was a reasonable probability that, but for the deficiencies in his counsel's performance, Sow would not have pled no-contest, but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶11} Sow sought postconviction relief based on the argument that, but for his trial counsel's failure to expose the "false" statements contained in the affidavit for the search warrant, and to thereby secure exclusion of the blood-alcohol test results, he would not have pled no-contest, but would have insisted on and been acquitted at trial, because without the blood-alcohol test results, the evidence would have been legally insufficient to support his convictions. That argument failed in its central premise.

{¶12} Sow's conviction for vehicular assault in violation of R.C. 2903.08(A)(2)(b) required proof that he had recklessly caused serious physical harm while operating a motor vehicle. His conviction for aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) required proof that he had caused serious physical harm as the proximate result of operating a vehicle either with a prohibited concentration of alcohol or while under the influence of alcohol, in violation of R.C. 4511.19(A).

{¶13} Neither conviction depended solely on the blood-alcohol test results. Sow's protestation in his affidavit that field-sobriety tests had not been administered

did not wholly discredit the contrary averment in the affidavit for the search warrant that the tests had been administered and that he had performed "poorly" on them. He did not dispute the assistant prosecuting attorney's statement at the plea hearing that he had driven his vehicle into a pole on the opposite side of the street. And he offered nothing of an evidentiary nature to discredit the search-warrant affidavit's averments concerning the police officer's observations that Sow had had bloodshot eyes and had exuded an odor of alcohol or the officer's statement that Sow had admitted that he had been drinking. Thus, even if the blood-alcohol test results were subject to exclusion, the record before the common pleas court in deciding Sow's postconviction claim disclosed evidence of other indicia of alcohol consumption and impaired and reckless driving, upon which any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of Sow's offenses beyond a reasonable doubt. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶14} Because Sow failed to support his postconviction petition with evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief, the common pleas court properly denied the petition without an evidentiary hearing. Accordingly, we overrule the assignments of error and affirm the court's judgment.

Judgment affirmed.

MYERS and CROUSE, JJ., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

6