[Cite as *State v. Pegues*, 2026-Ohio-2072.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 10 0088 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 24 CRI 10 0611 |
| ZAMERE PEGUES, | Judgment: Reverse and Remand |
| Defendant - Appellant | Date of Judgment Entry: June 3, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*Montgomery, J.*

{¶1}    Defendant-Appellant, Zamere Pegues ("Appellant"), appeals the sentencing judgment of the Delaware County Court of Common Pleas after a jury returned a guilty verdict against Appellant.  For the reasons below, we REVERSE AND REMAND.

### STATEMENT OF FACTS

{¶2}    On September 21, 2024, in Delaware County, Ohio, Officer Lucas of the Delaware Police Department, observed Appellant driving at a high rate of speed on S.

Sandusky St. near the intersection of U.S. 23. Appellant ran a red light, was driving with his blinker blinking even though he did not make any turn and ultimately crashed into the victims' car that was stopped at a red light at the above intersection. When Appellant hit the victim's car, the victim's car ran into the car directly in front of her. The victim broke her arm and had to undergo surgery to place screws in the arm to correct the break. The injury caused prolonged pain, scarring, and visible deformity and the victim missed nearly one month of work.

{¶3} The officers who responded to the scene detected the odor of burnt marijuana and alcohol coming from Appellant's car. As they approached Appellant, a strong odor of alcohol emanated from his person. *Trial Tr., pp.* 210, 360. The officers further noted that Appellant had blood shot, glassy, and sleepy eyes throughout their interaction. Appellant had trouble focusing, he could not follow simple instructions, he was not able to remember things, and he was unable to regulate his emotions.

## STATEMENT OF THE CASE

{¶4} On October 17, 2024, the Delaware County Grand Jury returned a three-count indictment against Appellant under Delaware County Case No. 24-CRI-10-0611. The indicted charges included:

- Count 1, Aggravated Vehicular Assault in violation of R.C. 2903.08(A)(1)(a), R.C. 2903.08(B)(1), a felony of the third degree. The indictment alleges Appellant, while operating a motor vehicle, did cause serious physical harm to [victim] as the proximate result of committing a violation of R.C. 4511.19(A).

- Count 2, Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them in violation of R.C. 4511.19(A)(1)(a), R.C. 4511.19(G)(1)(a), a misdemeanor of the first degree.

- Count 3, Vehicular Assault in violation of R.C. 2903.08(A)(2)(b), R.C. 2903.08(C)(2), a felony of the fourth degree. The indictment alleges Appellant, while operating a motor vehicle did recklessly cause serious physical harm to R.S.

{¶5} A jury trial took place on August 19-21, 2025. Appellant was represented by counsel and counsel fully cross-examined all State witnesses. After deliberations, the jury returned a guilty verdict on all three counts. On September 23, 2025, a sentencing hearing took place. For sentencing purposes, the court merged Counts One and Two, aggravated vehicular assault and operating a vehicle under the influence of alcohol/drug of abuse. The State did not contest the merger and elected to proceed to sentencing on Count One. The court found that the remaining charge of vehicular assault did not merge with aggravated vehicular assault. The Court imposed 42 months mandatory prison time for Aggravated Vehicular Assault based on OVI, and 12 months for Vehicular Assault. The terms were ordered to run concurrently for an aggregate prison term of 42 months.

## ASSIGNMENT OF ERROR

{¶6} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE PEGUES' CONVICTIONS FOR AGGRAVATED VEHICULAR ASSAULT (OVI) AND VEHICULAR ASSAULT (RECKLESS)."

## STANDARD OF REVIEW

{¶7} An appellate court reviews "de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25." *State v. Bailey,* 2022-Ohio-4407, citing *State v. Williams,* 2012-Ohio-5699. In Ohio, "R.C. 2941.25 codifies the protections of the

Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood*, 2010-Ohio-1, ¶ 23. Essentially, when a defendant's conduct constitutes two or more allied offenses of similar import, a defendant may only be convicted of and punished for one. Specifically, R.C. 2941.25 provides:

(A)     Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B)     Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶8}** In *Ruff*, the Ohio Supreme Court clarified the factors a court must examine in determining whether offenses are of similar import, emphasizing that the defendant's conduct is significant in the analysis. *State v. Ruff*, 2015-Ohio-995, syllabus; *State v. Ryan*, 2012-Ohio-1265, ¶ 48 (7th Dist.). The Court held the following:

1.     In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors - the conduct, the animus, and the import.

2.     Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses

involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Ruff*, syllabus.[1]

## ANALYSIS

**{¶9}** As stated, Appellant was convicted of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), which provides in pertinent part, "[n]o person, while operating * * * a motor vehicle * * * shall cause serious physical harm to another person * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 [OVI] of the Revised Code * * *." In turn, the Ohio Supreme Court has held that R.C. 4511.19 is a strict liability statute and does not require proof of a culpable mental state. *City of Defiance v. Kretz*, 60 Ohio St.3d 1, 3 (1991) (analyzing R.C. 4511.19(A)(3); *see also City of Akron v. Wanakie Peoples*, 2011-Ohio-579, ¶ 10 (9th Dist.); *State v. Harding*, 2006-Ohio-481, ¶ 16 (2d Dist.), citing *State v. Culver,* 2005-Ohio-1359 (2d Dist.) (other citation omitted); *State v. Jones*, 2010-Ohio-2777, ¶ 19 (8th Dist.); *State v. Andera*, 2010-

---

[1] The *Ruff* Court stated: "R.C. 2941.25(B) sets forth three categories in which there can be multiple punishments: (1) offenses that are dissimilar in import, (2) offenses similar in import but committed separately, and (3) offenses similar in import but committed with separate animus." *Ruff,* ¶ 20.

Ohio-3304 (8th Dist.) (R.C. 4511.19(A)(1)(a) is a strict liability statute); *State v. Cohen*, 2026-Ohio-410 (5th Dist.).

{¶10} Appellant was also convicted of vehicular assault which is defined as, "[n]o person, while operating * * * a motor vehicle * * * shall cause serious physical harm to another person * * * [r]ecklessly." R.C. 2903.08(A)(2)(b). The offense expressly requires proof of recklessness. A person is reckless when, with heedless indifference to the consequences, the person perversely disregards a known risk that the conduct is likely to cause a certain result or is likely to be of a certain nature. *State v. Phelps,* 2010-Ohio-3257, ¶¶ 10-15 (12th Dist.).

{¶11} Appellant maintains that in denying merger of the aggravated vehicular assault verdict and the vehicular assault verdict, the trial court improperly focused on the "elements" of each offense, which is inappropriate under *Ruff* and its progeny. In support, Appellant notes that the trial court stated at the sentencing hearing "there are elements that are different" for aggravated vehicular assault and vehicular assault. *Sent. Tr.*, p. 17. On appeal, this court must analyze whether aggravated vehicular assault based upon alcohol-impaired driving, and vehicular assault based upon recklessness, are allied offenses of similar import such that Appellant cannot be sentenced for both.

{¶12} Several appellate courts that analyzed this specific question answered in the negative *before* the Ohio Supreme Court's *Ruff* decision. Those cases focused on the elements of each offense and found that because vehicular assault required a defendant to ack recklessly, and even speeding can be reckless, the offenses were of dissimilar import. *Phelps,* ¶ 15 (holding that although some elements of aggravated vehicular assault and vehicular assault are identical, vehicular assault requires the additional element that the defendant acted recklessly where aggravated vehicular assault in violation of R.C.

2903.08(A)(1)(a) requires the defendant be under the influence of alcohol); *State v. Culver,* ¶ 65 (finding in a case involving only one victim, the offenses are not allied because an individual can be reckless without being under the influence of alcohol); *State v. Griesheimer,* 2007-Ohio-837, ¶¶ 17-18 (10th Dist.) (following *Culver* in a case with one victim, and holding that aggravated vehicular assault based upon alcohol impaired driving and vehicular assault based upon recklessness were not allied offenses of similar import; recklessness is an essential element of the crime and does not require the person to be under the influence of alcohol).

{¶13} However, post-*Ruff* cases analyzed whether these two offenses are subject to merger quite differently, focusing not on the elements but on the defendant's conduct and resulting harm. "An allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on a defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import." *State v. Tango*, 2015-Ohio-5133, ¶ 13 (8th Dist.), citing *Ruff*, ¶ 25. Indeed, the Seventh District stated in *McKenzie* that, "[i]n deciding whether the two offenses are based upon the same conduct, the focus is upon whether both crimes were accomplished by a single act." *State v. McKenzie*, 2021-Ohio-3170, ¶¶ 12-14 (7th Dist.).

{¶14} In *McKenzie*, Appellant was driving a vehicle while under the influence of marijuana and alcohol, crossed over the centerline, and collided head-on into the vehicle that the victims occupied, causing both victims' serious physical harm. *Id.*, ¶ 2. For each victim, Appellant was charged with and convicted of aggravated vehicular assault and vehicular assault (four counts total). Because the trial court did not merge any of the four offenses, defendant appealed.

**{¶15}** Relying on *Ruff* and its progeny, the *McKenzie* court held the aggravated vehicular assault verdict for the serious physical harm caused to one of the victims was required to be merged with the vehicular assault verdict for the serious physical harm caused to that <u>same</u> victim. *McKenzie,* ¶ 14. Because defendant's actions "could constitute violating both R.C. 2903.08(A)(1)(a) [OVI] and (A)(2), operating the vehicle recklessly" merger was required. *Id.*, ¶ 11. Further, both offenses were predicated upon the same conduct, the harm resulting from each offense was not separate and identifiable, and the offenses could not be said to have been committed either separately or with a separate animus. *Id.,* ¶ 12, citing *Ruff*, ¶ 31.

**{¶16}** Significantly, the court held that although the offenses merged for the driver victim, the offenses did not merge with those related to the passenger victim. As *Ruff* mandates, merger is not applicable when the offenses involve separate victims or where separate, identifiable harm exists. *Id.,* ¶ 14, citing *Ruff*, ¶¶ 23-26. In that instance, the offenses are of dissimilar import.[2] *Id.*; *see also State v. Sow*, 2019-Ohio-3641, ¶ 8, ¶ 17

---

[2] The Court stated:

> Thus, the aggravated vehicular assault verdict for the serious physical harm caused to Wilma was required to merge with the vehicular assault verdict for the serious physical harm caused to Wilma. Likewise, the aggravated vehicular assault verdict for the serious physical harm caused to Donald was required to merge with the vehicular assault verdict for the serious physical harm caused to Donald. * * *
>
> However, as the state and Appellant pointed out, merger is not applicable when the offenses involve separate victims. *Ruff*, 2015-Ohio-995, ¶ 26. In that instance, the offenses are of dissimilar import. *Id.* Thus, in this situation, the offenses committed against Wilma were not required to merge with the offenses committed against Donald. Following the guilty plea, the state could have elected to pursue the aggravated vehicular assault to sentencing for each victim and the trial court would have been permitted to impose a sentence for both aggravated vehicular assault verdicts.
>
> *McKenzie*, ¶¶ 13-14.

(1st Dist.) (holding that OVI-based aggravated vehicular assault and recklessness-based vehicular assault were allied offenses of similar import under R.C. 2941.25; they were predicated upon the same conduct, harm was to a single victim, and the harm resulting from each offense was not separate and identifiable); *State v. Smith*, 2017-Ohio-537, ¶ 19 (8th Dist.); *see also State v. Campbell*, 2012-Ohio-4231, ¶ 14 (1st Dist.) (holding, in a pre-*Ruff* decision, that OVI-based aggravated vehicular homicide and recklessness-based aggravated vehicular homicide were allied offenses of similar import); *State v. Marchak*, 2022-Ohio-2611, ¶ 32 (5th Dist.) (finding that where the defendant's conduct resulted in serious physical harm to two individuals; appellant's offenses were of dissimilar import and the convictions did not merge).

{¶17} Here, the facts are simple. Appellant was intoxicated by alcohol and/or marijuana, was driving at a high rate of speed and ran into the victim's car causing her serious physical harm. The three resulting indictments listed one victim, one defendant, and one course of conduct. Thus, we conclude that under the specific facts of this case, the aggravated vehicular assault and vehicular assault convictions were predicated upon the same conduct, the harm was to a single victim, and the harm resulting from each offense is *not* separate and identifiable. The State's argument that one offense is strict liability and the other requires recklessness defaults to an improper pre-*Ruff* analysis regarding the elements of each offense. Thus, aggravated vehicular assault and vehicular assault are allied offenses of similar import and must be merged. *Sow*, ¶ 8; *Smith*, ¶ 19.

{¶18} When a defendant has been found guilty of allied offenses of similar import, a trial court cannot impose a separate sentence for each offense. *Sow*, supra, ¶ 9, citing *State v. Williams*, 2016-Ohio-7658. Thus, "[e]ven when, as here, the sentences imposed for allied offenses are ordered to be served concurrently, a defendant is prejudiced by

having more convictions than are authorized by law." *Sow*, ¶ 10, citing *State v. Underwood*, 2010-Ohio-1. Accordingly, despite that the sentence may be the very same as previously imposed, the matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.

## **CONCLUSION**

**{¶19}** Appellant's sole assignment of error is sustained, and the judgment of the Delaware County Court of Common Pleas is reversed. The matter is remanded to the trial court for resentencing consistent with this opinion.

**{¶20}** Costs to Appellee.

By: Montgomery, J. and

Hoffman, P.J. concur.

Popham, J., Dissents.

*Popham, Dissents -Delaware 2025-CAA-10 0088*

**{¶21}** The majority finds that – under the specific facts of this case - the offenses of aggravated vehicular assault based upon alcohol-impaired driving, and vehicular assault based on recklessness, are allied offense of similar import. I disagree.

**{¶22}** In determining whether multiple offenses are allied offenses of similar import, the Supreme Court of Ohio provided guidance in *State v. Ruff,* 2015-Ohio-1265. The *Ruff* Court instructed that, in addition to animus and import, our focus should be on a defendant's conduct. Specifically, "when the defendant's conduct put more than one individual at risk, that conduct could support multiple convictions because the offenses were of dissimilar import." *Id.* at ¶ 23, citing *State v. Jones,* (internal citations omitted) (although there was only one car accident, "we view appellant's conduct as representing two offenses of dissimilar import-the 'import' under R.C. 2903.06 being each person killed"). *Id.* Two or more offenses of dissimilar import exist when the

defendant's conduct constitutes offenses involving separate victims, or if the harm that results from each offense is separate and identifiable. *Id.*

{¶23} Here, Appellant acted recklessly - supporting the conviction and separate sentence under R.C. 2903.08(A)(2)(b) "Vehicular Assault" - by speeding and running a redlight traffic signal while driving impaired prior to colliding with the victim R.S.[3] Focusing on Appellant's conduct, had either reckless act not transpired, the accident may very well have been prevented.

{¶24} Appellant's conviction and sentence for violation of R.C. 2903.08(A)(1)(a) "Aggravated Vehicular Assault" was supported by a finding that Appellant violated R.C. 4511.19 "Operating Vehicle Under the Influence of Alcohol or Drugs." Of course, operating a vehicle while under the influence is different conduct than recklessly speeding and running a red light.

{¶25} The Supreme Court of Ohio has held that R.C. 4511.19 is a strict liability statute. As such, Appellant's conviction and sentence under this statutory scheme did not require a finding of animus on the part of Appellant - rather the conviction was supported by the mere fact that Appellant was operating a vehicle under the influence of alcohol or drugs at the time he caused serious physical harm to R.S. Therefore, the lack of animus under the R.C. 2903.08(A)(1)(a) highlights a fundamental difference, in this case, between the aggravated vehicular assault conviction/ sentence and that for vehicular assault (recklessness).

{¶26} Because of the differing animus considerations and the fact that Appellant engaged in differing conduct supporting each charge and conviction, the trial court properly did not merge Counts 1 and 3 for sentencing purposes. For these reasons, I dissent and would affirm the trial court.

---

[3] The record establishes that the accident at issue involved three cars, including the one driven by R.S. To be sure, this supports a finding of, at a minimum, multiple victims/ harm to multiple persons arising from this single accident.